NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-1337
_____

CHEN HUA YANG,
                                            Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                                    Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A094-778-530
(U.S. Immigration Judge:  Honorable Henry S. Dogin)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 16, 2011

Before:  SCIRICA, FISHER and ALDISERT, Circuit Judges.

(Filed: February 24, 2011 )
_____

OPINION OF THE COURT
_____

PER CURIAM.

        Petitioner seeks review of the decision of the Board of Immigration Appeals

("BIA"), dismissing her appeal from the Immigration Judge's ("IJ") denial of her

application for relief.  For the reasons that follow, we will deny the petition for review.

Petitioner, Chen Hua Yang, is a female native and citizen of China. She arrived in the United States in June 1996 without a valid entry document and, on September 5, 2006, was charged with removability pursuant to INA § 237(a)(1)(A). On December 19, 2006, she applied for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). At the hearing before the IJ, both Yang and her husband testified. They were married in New York City in November 1999 and subsequently had two children. The first, a boy, was born on February 9, 2000, and the second, a girl, was born on November 5, 2006. Both Yang and her husband testified that they feared that they would be sterilized upon their return to China since they had already had two children in America. In support of her claim, Yang submitted an affidavit from her father indicating that she would likely be sterilized if she returned to China. (A.R. 128.) She also testified that her mother was forcibly sterilized in 1993, and her cousin in 2006, each after giving birth to two children. However, as noted by the IJ, neither had ever been to the United States, and both of their children were born in China. Relying primarily on the BIA's decision in In re J-W-S-, 24 I. & N. Dec. 185 (BIA 2007), the IJ concluded that Yang had failed to demonstrate a likelihood of future persecution on the basis of having had two American-born children. Accordingly, the IJ denied relief, and the BIA affirmed and dismissed her appeal. Yang filed a timely petition for review.

We have jurisdiction over this petition for review pursuant to 8 U.S.C. § 1252. We exercise de novo review over the legal determinations of the BIA. See Kaplun v. Attorney Gen., 602 F.3d 260, 265 (3d Cir. 2010).

Yang argues that the BIA erred in concluding that her case fell entirely within the scope of J-W-S-, and that the BIA failed to specifically address each of the documents she submitted in support of her claim. In particular, she maintains that the Board overlooked the following documents: The United States Department of State Report titled "Tips for Travelers to the People's Republic of China," issued February 14, 2007, and the July 1999 Changle City Family Planning Administration Question and Answer Information Booklet,[1] neither of which were part of the record in J-W-S-. While the BIA did not mention either of these two documents by name in its opinion, we do not require the BIA to "'expressly parse or refute on the record' each individual argument or piece of evidence offered by the petitioner," particularly when the BIA has been asked to consider that evidence previously. See Wang v. Bd. of Immigration Appeals, 437 F.3d 270, 275 (3d Cir. 2006). The BIA specifically considered both of these documents in In re S-Y-G-, 24 I. & N. Dec. 247 (BIA 2007), and concluded that they did not demonstrate that individuals in Yang's situation were objectively likely to be sterilized upon their return to China. See id. at 257-58 & n.1. Yang also argues that J-W-S- only addressed generalized conditions in China, and not the specific conditions in Fujian Province. However, in J-W-S-, the BIA addressed both enforcement in China generally and in the smaller towns of Fujian Province specifically. See 24 I. & N. Dec. at 192-93. The BIA did not conclude that the parents of children born outside of China were exempt from

---

[1] Yang appears to be referring to the document titled "The Campaign of Chang Le City to Propagandize the General Family Planning Knowledge into Mass Families by Means of

enforcement of the family planning laws upon their return to China but, rather, that the penalty, if any, would involve fines or other economic sanctions. See id. at 190. The "Tips for Travelers" document does not contradict this, but simply states that "children born in the United States to PRC national parents, who are neither lawful permanent residents nor U.S. citizens, are not recognized as U.S. citizens under Chinese nationality law." (A.R. 268.) The document does not discuss how this policy may or may not relate to the nation's family planning policies.

Accordingly, we conclude that the BIA did not err in dismissing Yang's appeal. Yang briefly argues that she also established that a pattern or practice of persecution of parents of two or more foreign-born children exists in China. See 8 C.F.R. § 1208.13(b)(2)(iii). We agree with the Attorney General that this claim was not raised below and is therefore unexhausted. See Lin v. Attorney Gen., 543 F.3d 114, 120-21 (3d Cir. 2008). We also agree that Yang has either abandoned or failed to exhaust her claim for protection under the CAT. See id. Based on the foregoing, we will deny the petition for review.

---

Questions and Answers on Visiting and TV." (A.R. 356-62.)